UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Lindsay Ann Duneske,

                                          Case No. 24-mc-50365
                                          Honorable Linda V. Parker

_____/

## OPINION & ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING MATTER

This miscellaneous action was opened by the Clerk's Office upon receipt of Lindsay Ann Duneske's filing of a "Notice of Claim of Harm and Trespass and Assertion of Right to Emergency Ex Parte Writ of Habeas Corpus with Writ of Attachment." (ECF No. 1.) Duneske also submitted an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Under § 1915, a court must dismiss a matter filed IFP that "is frivolous or malicious[,]" "fails to state a claim on which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court is granting Duneske's IFP application but is summarily dismissing this action.

### Duneske's Filing

Duneske is challenging state-court proceedings which resulted in the custody of her children being awarded to Charles Nerswick. The proceedings were held before the Honorable Regina Triplett in the Third Judicial Circuit Court of

Michigan. Duneske challenges Nerswick's standing to seek custody and argues that his paternity should have been established before the matter proceeded. She also asserts that Nerswick came into the child-custody proceedings "in bad faith, with unclean hands, due to violating numerous laws" and that he committed perjury and fraud on the court. Duneske claims Judge Triplett ignored her arguments and violated her due process and equal protection rights.

In the filing, Duneske also claims an unlawful seizure and/or kidnapping of herself and her children by the Federal Bureau of Investigations. She further claims that Judge Triplett ordered the children "injected with an experimental medical treatment" against Duneske's will and in violation of her sincere religious beliefs.

Duneske asserts that the state-court judgment in the custody proceedings is void. She asks this Court to "order a full criminal investigation" and the immediate return of her children to her.

**Analysis**

This Court lacks jurisdiction over this matter which is essentially a child-custody dispute. Domestic relations matters fall within the exclusive jurisdiction of state courts. *See Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992)). The domestic

relations exception precludes federal courts "from exercising jurisdiction over cases whose substance is generally domestic relations." *Chambers v. Michigan*, 473 F. App'x 477, 478 (6th Cir. 2012) (citing *Barber v. Barber*, 62 U.S. (21 How.) 582, 584 (1858)).

This exception, as articulated by the Supreme Court since *Barber*, precludes federal jurisdiction over questions involving divorce, alimony, or child custody. *Barber*, 62 U.S. (21 How.) at 584. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). The Supreme Court has consistently held that federal courts lack the power to issue divorce, alimony, and child-custody decrees. *See Ankenbrandt*, 504 U.S. at 703-07. "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981); *see also Lehman v. Lycoming Cnty. Childs. Servs. Agency*, 458 U.S. 502 (1982) (denying federal habeas corpus jurisdiction in a challenge to state-court involuntary termination of parental rights).

Additionally, under what is referred to as "the *Rooker-Feldman* doctrine," federal courts lack jurisdiction to review matters litigated and decided in state

3

courts, as only the United States Supreme Court has jurisdiction to correct state court judgments. *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482, 482 n.16 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine prevents consideration of Duneske's claims as to any alleged violation of her rights that occurred concerning the award of custody to Nerswick in the state court proceedings because such claims amount to nothing more than an impermissible "back-door," or collateral, challenge to an adverse order entered in the state court. *See Stephens v. Hayes*, 374 F. App'x 620, 623 (6th Cir. 2010) (affirming dismissal of parents' tort claims that collaterally attacked state court judgments which terminated their parental rights based on both the *Rooker-Feldman* doctrine's principles of comity, and deference to state expertise in the field of domestic relations); *Partridge v. Ohio*, 79 F. App'x 844, 845-46 (6th Cir. 2003) ("Partridge's federal case is essentially an impermissible appeal of the state court judgment as it raises specific grievances regarding decisions of Ohio's domestic relations courts.").

## Conclusion

For the reasons set forth above, the Court grants Duneske's IFP application but the matter is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court concludes that an appeal from this decision cannot be

taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

    **SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: April 22, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 22, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager

5